IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

RASHIYDA J. BLAINE,
c/o A.D.,

          Plaintiff,

v.                                      CIVIL ACTION NO. 4:09cv104

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration,

          Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff's Objection to the Magistrate Judge's report and recommendation to the Court in the above captioned matter. For the following reasons, the Court accepts the Magistrate Judge's findings and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's report and recommendation. Plaintiff Rashiyda Blaine, on behalf of her minor son, A.D., brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her son's claim for Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA").

This action was referred to a United States Magistrate Judge for report and recommendation by order of reference filed October 28, 2009, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72

1

of the Rules of the United States District Court for the Eastern District of Virginia. Plaintiff filed a Motion for Summary Judgment on January 5, 2010. Defendant filed a Motion for Summary Judgment and a motion in opposition to Plaintiff's motion on February 3, 2010. On June 3, 2010, the Magistrate Judge filed his report recommending that the final decision of the Commissioner be affirmed. By copy of the report, each party was advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge.

On July 23, 2010, Plaintiff filed objections to the Magistrate Judge's report and recommendation. On August 4, 2010, Defendant filed a Response and relied upon the reasoning contained in the Magistrate Judge's report and the argument set forth with Defendant's Motion for Summary Judgment. This matter has been fully briefed and is ripe for judicial determination.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

The Court must then examine the Commissioner's decision and determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). This standard requires more than a mere scintilla of evidence, but need not meet the threshold of preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

### III. ANALYSIS

The Court's charge is to determine whether the ALJ applied the appropriate legal standard and then decide whether the administrative record contains sufficient evidence to support the ALJ's findings in light of the appropriate legal standard. Social Security Regulations dictate that a person under the age of 18 is disabled for the purposes of obtaining supplemental security income if that person has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. "Marked and severe functional limitations" consists of an impairment that "meets, medically equals, or functionally equals" the severity of any listing in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.902.

When the ALJ awards SSI to a minor based on "an impairment (or combination of impairments) which is likely to improve," the ALJ must perform periodic evaluations to determine if the minor is still eligible for benefits, also known as a "continuing disability

3

review." 42 U.S.C. § 1382c(a)(3)(H)(ii)(I); 20 C.F.R. § 416.989. At this review, the ALJ conducts a three-step evaluation. 20 C.F.R. § 416.994a. First, the ALJ considers whether the minor has experienced medical improvement since the comparison point decision. 20 C.F.R. § 416.994a(a)(1), (b)(1). Second, if there has been medical improvement, the ALJ must determine whether the minor's impairment at the time of the comparison point decision meets or medically equals the same listings at the time of the comparison point decision, or whether the impairment functionally equals the listings. 20 C.F.R. § 416.9994a(a)(1), (b)(2); SSR 05-03p, 70 Fed. Reg. at 21,834. An impairment functionally equals the listings when it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416. Those domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. If the impairment does not meet, medically equal, or functionally equal the listings, the ALJ must determine as a third step if the minor is currently disabled under the analysis set forth in 20 C.F.R. § 416.924. 20 C.F.R. § 416.994a(a)(1), (b)(3).

Plaintiff does not object to the ALJ's finding that A.D. had medically improved, as the first step of the review. For step two, though she does not explicitly state her objection to the ALJ's finding that A.D.'s impairment no longer met or medically equaled Listing 112.11 for Attention Deficit Hyperactivity Disorder (ADHD), she does include "meet or medically equal" in the title of her briefing. As such, the Court will consider this as an objection.

Listing 112.11 states that attention deficit hyperactivity disorder is "manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity." 20

4

C.F.R. Pt. 404, Subpt. P, App. 1 § 112.11. Listing 112.11 requires: (1) marked inattention; (2) marked impulsiveness; and (3) marked hyperactivity. Additionally, for a child between 3 and 18, there must be an impairment "resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02." *Id.* The four categories of impairments in paragraph B2 of 112.02 are: (1) marked impairment in age-appropriate cognitive/communicative function; (2) marked impairment in age-appropriate social functioning; (3) marked impairment in age-appropriate personal functioning; and (4) marked difficulties in maintaining concentration, persistence, or pace. *Id.* at § 112.02(B)(2).

Medical evidence is required to document these required symptoms or criteria. It is the claimant's duty to "provide [the SSA] with reports from [the claimant's] physician, psychologist, or other who have treated or evaluated [the claimant] . . . . [The claimant] must have a good reason for not giving [the SSA] this information or [the SSA] may find that [the claimant's] disability has ended." 20 C.F.R. § 416.993(b). Additionally, "a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only your statement of symptoms." 20 C.F.R. § 416.908.

In this case, the only medical evidence is the evaluation of Dr. Manuel Chaknis, performed at the request of the Division of Disability Services. Tr. at 228. Dr. Chaknis concluded that A.D.'s impairments did not meet or equal a listing. Tr. at 228-33. Significantly, there is no evidence that A.D. had been medically evaluated or treated during the relevant period other than Dr. Chaknis's evaluation. Tr. at 17. As a result, the ALJ concluded that A.D. had not met or medically equaled section 112.11. Tr. at 17. The Magistrate Judge also noted, "although the ALJ's specific explanation relied on the lack of medical documentation, the ALJ provides a

more elaborate discussion of A.D.'s condition in other parts of his decision, which also supports a finding that A.D.'s condition did not meet Listing 112.11 as May 1, 2007." R&R at 31.

Without contrary medical evidence to Dr. Chaknis's evaluation, A.D.'s condition may not meet or medically equal Listing 112.11. Additionally, this Court agrees with the Magistrate Judge that beyond the lack of medical evaluation or treatment, the evidence shows that A.D. did not have marked impairments in cognitive/communicative function, social function, or personal functioning. As a result, there is substantial evidence to support the finding that A.D.'s impairment did not meet or medically equal Listing 112.11.

Plaintiff more specifically objects to the findings contained in the Magistrate Judge's Report and Recommendation concerning whether A.D.'s impairment functionally equaled the Listings; she argues that in addition to her son's marked impairment in "Attending and Completing Tasks," he is also impaired at "Interacting and Relating with Others," "Acquiring and Using Information," and "Caring for Himself." Although the ALJ did conclude that A.D. had a marked impairment in "Attending and Completing Tasks," the ALJ found that A.D. had less than marked limitations at "Interacting and Relating with Others," "Acquiring and Using Information," and "Caring for Yourself" and no limitations in "Moving About and Manipulating Objects" and "Health and Physical Well-Being."

With regard to "Acquiring and Using Information," the ALJ found that while A.D. remained on special education for a portion of the day, he was on the Honor Roll in all but one grading period, and that his testing scores were considered an underestimate of his intelligence because of the negative effects of his attention deficit. Tr. at 19. With regard to "Interacting and Relating with Others," the ALJ found that A.D. had demonstrated the greatest improvement in

6

this area since the comparison reporting point. Although A.D. did report that he felt persecuted by his peers in his examination, the ALJ noted that he gets along well with his little sister and that there were no problems reported for the period beginning in May 2007. Tr. at 21. With regard to "Caring for Yourself," the ALJ found that A.D.'s only problem in this arena was a problem with bedwetting, possibly caused by his unstable family living arrangement, and that no other difficulties were alleged—indeed, the ALJ noted that Plaintiff reported that A.D. "likes to look good." Tr. at 23. Because A.D. had only one marked limitation and no extreme limitations, the ALJ thus found Plaintiff ineligible for disability benefits under the SSA.

The Magistrate Judge issued a report and recommendation to affirm the ALJ's findings. The report and recommendation fully sets forth Plaintiff's psychological and educational history and condition, thus the Court need not embark on the same explication here. The Magistrate Judge reviewed the evidence relied upon by the ALJ, in particular Dr. Chaknis's evaluation, and determined that the findings of the ALJ were supported by substantial evidence. The Magistrate Judge also deferred to the ALJ's judgment regarding the credibility of Plaintiff's testimony as unsupported by the objective medical evidence. The Magistrate Judge recommended that the final decision of the Commissioner be affirmed.

The Court finds that the ALJ employed the appropriate legal analysis in its decision. The administrative record is replete with the ALJ's findings of fact to support its determination that Plaintiff is not disabled for purposes of the SSA. Plaintiff's testimony does not overcome the medical evidence and evaluation of Dr. Chaknis; though Plaintiff has argued to the contrary, she has not come forth with any reports, evaluation, or affidavits from anyone other than herself. Indeed, Plaintiff's testimony often supports the findings of the ALJ, such as her statements

regarding her son's good grades and good behavior at home. *See, e.g.,* Tr. at 50, 88, 91-92. To the extent that Plaintiff's testimony and arguments are inconsistent with that of Dr. Chaknis, it is well within the ALJ's fact-finding abilities to make credibility determinations, particularly where documented medical evidence is necessary under the provisions of the SSA. Accordingly, the Magistrate Judge's Report and Recommendation is adopted and the decision of the ALJ is **AFFIRMED**.

## IV. CONCLUSION

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby accept the findings and recommendations set forth in the report of the United States Magistrate Judge filed June 3, 2010, and it is, therefore, **ORDERED** that the final decision of the Commissioner be **AFFIRMED**. Accordingly, this case is **DISMISSED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

/s/
**Raymond A. Jackson**
**United States District Judge**

Norfolk, Virginia
August /$, 2010